**Joshua M. Sasaki, P.C.**, OSB No. 964182
josh.sasaki@millernash.com
**John C. Clarke**, OSB No. 153245
john.clarke@millernash.com
MILLER NASH LLP
1140 SW Washington St, Ste 700
Portland, OR  97205
Telephone:  503.224.5858
Facsimile:  503.224.0155

*Attorneys for Defendant
WSCO Petroleum Corp.*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| SCOTT DALE, individually and on behalf of other similarly situated customers,<br><br>Plaintiff,<br><br>v.<br><br>WSCO PETROLEUM CORP.,<br><br>Defendant. | Case No.<br><br>NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT<br><br>28 U.S.C. §§ 1332, 1441, 1446<br><br>(Multnomah County Circuit Court Case No. 24CV39388) |

TO:    The Clerk of the United States District Court for the District of Oregon, Portland Division:

Page 1 -    Notice of Removal of Action to Federal Court

4891-7993-9299.1

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
1140 SW WASHINGTON ST, STE 700
PORTLAND, OREGON 97205

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, defendant WSCO Petroleum Corp. ("Defendant"), by and through its undersigned counsel, hereby removes the above-captioned matter from the Circuit Court of the State of Oregon for the County of Multnomah to the United States District Court of Oregon on the following grounds:

**I.    Procedural Background**

1.    On August 15, 2024, plaintiff Scott Dale ("Plaintiff") filed a civil action against Defendant in the Circuit Court of the State of Oregon for the County of Multnomah, Case No. 24CV39388, seeking, among other things, equitable relief, an order certifying the case as a class action, and reasonable costs and attorney fees and expenses. The complaint asserts a claim for violations of ORS 807.750(2) and ORS 807.750(3), arising from the alleged swiping of customer driver licenses and identification cards during the purchase of age-restricted goods and the storing, selling, or sharing of personal information collected from the swiping of customer driver licenses. Compl. ¶ 10. Plaintiff alleges that he is entitled to recover actual damages or $1,000, whichever is greater, under ORS 807.850(8). Compl. ¶ 10. In addition, Plaintiff contends that if the court finds that the alleged conduct was willful or knowing, the court should increase the amount of the award to no more than three times the amount otherwise available under ORS 807.850(8). Compl. ¶ 10.

2.    A true and correct copy of the complaint and all process, pleadings, and orders served on Defendant is being filed concurrently with this notice in accordance with 28 U.S.C. § 1446(a).

///

///

Page 2 -    Notice of Removal of Action to Federal Court

4891-7993-9299.1

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
1140 SW WASHINGTON ST, STE 700
PORTLAND, OREGON 97205

## II.    Timeliness of Removal

3.    Defendant was served with a copy of the complaint on August 18, 2024. Because Defendant has removed the action within 30 days of service, removal is timely under 28 U.S.C. § 1446(b).

## III.   Federal Jurisdiction

4.    Any action filed in a state court over which the federal district courts would have original jurisdiction may be removed. 28 U.S.C. § 1441(a). To remove a case from state court to federal court, a defendant must file a notice of removal containing a short and plain statement of the grounds for removal. 28 U.S.C. § 1446(a).

5.    This court has original jurisdiction over this action in accordance with the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d), 1446, 1453(b).

6.    Under CAFA, a district court has original jurisdiction over a putative class action comprised of at least 100 members in the aggregate, when minimal diversity exists between the parties, and the amount in controversy based on the putative class members' aggregated claims exceeds the sum of $5,000,000.

### A.    The Removed Action is a "Class Action" Subject to Removal

7.    This action is a "class action" as defined in 28 U.S.C. § 1332(d)(1)(B) and is therefore removable under CAFA.

8.    Plaintiff brings this action as a class action on behalf of: "all individuals who had their personal driver license or identification card and information swiped, stored, shared, sold or otherwise used by defendant during the purchase of an age-restricted good at an Astro gas station in Oregon after August 15, 2024 [sic]." Compl. ¶ 5. Plaintiff appears to bring this class

Page 3 -   Notice of Removal of Action to Federal Court

4891-7993-9299.1

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
1140 SW WASHINGTON ST, STE 700
PORTLAND, OREGON 97205

action on behalf of customers who purchased an age-restricted good after August 15, 2022, not 2024, based on other allegations in the complaint. Compl. ¶ 13.

9. Plaintiff alleges that the putative class includes thousands of people. Compl. ¶ 6.

**B.    This Action Satisfies CAFA's Minimal Diversity Requirement**

10. CAFA extends federal jurisdiction over any class action where there is "minimal diversity" between any class member and any defendant. Minimal diversity is met when any member of a class of plaintiffs is: (1) a citizen of a state different from any defendant; (2) a foreign state or a citizen or subject of a foreign state and any defendant is a citizen of a state; or (3) a citizen of a state and any defendant is a foreign state or a citizen or subject of a foreign state. 28 U.S.C. § 1332(d)(2)(A)-(C).

11. Plaintiff appears to allege that he is an Oregon resident. Compl. ¶ 2. Other members of the putative class are likely residents and citizens of Oregon, in addition to Washington, California, and other states. 28 U.S.C §§ 1332(d)(1)(D) (the citizenship of all class members, including putative class members, are considered for purposes of determining whether minimal diversity exists). Defendant is aware of at least one member of the putative class being a resident of a state different from Defendant.

12. Defendant is incorporated in Oregon and its principal place of business is in Oregon. Defendant is therefore a citizen of Oregon. 28 U.S.C. § 1332(c)(1), (d)(1).

13. Because Defendant is a citizen of Oregon and the proposed class includes residents of other states, geographical minimal jurisdiction is met.

///

///

Page 4 -    Notice of Removal of Action to Federal Court

4891-7993-9299.1

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
1140 SW WASHINGTON ST, STE 700
PORTLAND, OREGON 97205

    **C.**    **The Amount in Controversy Exceeds $5,000,000**

14.    Although Plaintiff seeks equitable and injunctive relief, and do not request damages "at this time," the record establishes that the aggregate amount in controversy exceeds the value of $5,000,000.

15.    To qualify as a class action under CAFA, the amount in controversy must exceed the sum or value of $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2). The claims of class members are aggregated when determining whether the $5,000,000 jurisdictional threshold is met. 28 U.S.C. § 1332(d)(6).

16.    Among other items, the amount in controversy includes damages (compensatory, punitive, or otherwise), the costs of complying with an injunction, and attorneys' fees awarded under fee-shifting statutes or contract. *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648-49 (9th Cir. 2016); *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413 (9th Cir. 2018).[1]

17.    Plaintiff alleges that Defendant violates ORS 807.750 by "always swiping the driver license or identification card of every customer who purchases an age-restricted good, regardless of age, identity, or payment method." Compl. ¶ 3.

18.    In addition to seeking injunctive and equitable relief, Plaintiff alleges that class members are entitled to recover actual damages or $1,000, whichever is greater, and reasonable costs and attorney fees under ORS 807.850(8). Compl. ¶ 10. If the court finds that Defendant's alleged violations were willful or knowing, Plaintiff alleges that the court should increase the

---

[1] Defendant has strong defenses to liability, but the strength of potential defenses is not taken into account in assessing the amount in controversy. *See, e.g.*, *Riggins v. Riggins*, 415 F.2d 1259, 1262 (9th Cir. 1969).

Page 5 -   Notice of Removal of Action to Federal Court

4891-7993-9299.1

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
1140 SW WASHINGTON ST, STE 700
PORTLAND, OREGON 97205

amount of the award to no more than three times the amount otherwise available under ORS 807.850(8). Compl. ¶ 10.

19.     Defendant operates more than 30 convenience stores in Oregon.

20.     Given the number of stores, size of the putative class, the class period, high-volume nature of the stores, and Plaintiff's alleged entitlement to statutory damages, the aggregate amount in controversy exceeds the value of $5,000,000.

**IV.    Other Requirements**

21.     Removal to this judicial district is proper because it embraces the place where the state court action is pending, Multnomah County, Oregon. 28 U.S.C. § 1441(a). Venue is proper in this district pursuant to 28 U.S.C. § 1391.

22.     In accordance with 28 U.S.C. § 1446(d), a copy of this notice is being concurrently filed in the Circuit Court for Multnomah County, and concurrently served on Plaintiff.

23.     By seeking removal, Defendant does not waive, and expressly reserve, all rights, defenses, or objections of any nature that it may have to Plaintiff's claims.

///

///

///

Page 6 -    Notice of Removal of Action to Federal Court

4891-7993-9299.1

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
1140 SW WASHINGTON ST, STE 700
PORTLAND, OREGON 97205

WHEREFORE, Defendant gives notice that this action is hereby removed from the Circuit Court of the State of Oregon for the County of Multnomah to the United States District Court for the District of Oregon.

DATED this 12th day of September, 2024.

MILLER NASH LLP

*/s/ John C. Clarke*

Joshua M. Sasaki, P.C., OSB No. 964182
josh.sasaki@millernash.com
John C. Clarke, OSB No. 153245
john.clarke@millernash.com
Phone: 503.224.5858
Fax: 503.224.0155

*Attorneys for Defendant WSCO Petroleum Corp.*

Page 7 -   Notice of Removal of Action to Federal Court

4891-7993-9299.1

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
1140 SW WASHINGTON ST, STE 700
PORTLAND, OREGON 97205